# IN RE CLUNIES.

---

PATENTS; CONCURRENT DECISIONS OF PATENT OFFICE.

Unanimity in the Patent Office tribunals imposes upon the appellant in
    this court the burden of showing very clearly that the Commissioner
    erred in the final decision appealed from.   (Following *Re Adams,* 24
    App. D. C. 277; *Seeberger* v. *Dodge,* 24 App. D. C. 481.)

No. 355. Patent Appeals. Submitted May 11, 1906.   Decided June 5, 1906.

HEARING on an appeal from a decision of the Commissioner
of Patents refusing to allow certain claims for a patent.
                                        *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Frederick F. Church* for the appellant.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

Mr. Justice McComas delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents rejecting 12 claims now standing in the application of Arthur B. Clunies, the appellant. These claims are too numerous and too lengthy to be cited here. They will be found in full in the Examiner's answer upon the appeal to the Examiners-in-Chief and in the decision of the Commissioner of Patents. All of the Patent Office tribunals rejected the claims, and held that none of them involved invention.

The alleged invention upon which these 12 claims are based relates to improvements in heating stoves, and especially to the location and arrangement of the flues leading from the combustion chamber of the stove to the chimney, whereby the maximum quantity of the heat units from the fuel combustion may be made to serve to heat the air of the room where the stove is.

Counsel for the appellant claims that the applicant's invention provides a heating stove, relatively small, in which the indirect or radiating flues, though within small compass, are long, so that not only do they form a very large radiating surface which is subjected to the rising currents of external air, but also an efficient draft is secured through these long flues whereby the spent products and gases are carried off, thus causing the proper and positive induction of the products of combustion to all parts of the flue. The applicant's stove, like others, has an ash pit near the bottom, a combustion chamber above it, and a smoke pipe at the rear, but the applicant provides double horizontal flues for the products of combustion, these flues being located on opposite sides of the base of the stove and of the ash pit in such position that their outer surfaces have contact with the free air of the room whereby the air heated by these flues may rise and freely circulate, while at the same time the applicant so returns the discharge ends of these flues that the walls thereof will be heated by the products of combustion near the fire, which products thus rarified at such discharge ends induce sufficient draft to send the products which have lost part of their heat by radiation through the long radiating passages and

through the base of the stove into the smoke pipe at the rear. Of course there is also a direct-draft damper, which, if opened, will induce the products of combustion to go directly from the fire pot into the smoke pipe.  When the direct-draft damper is closed, such products pass from the fire pot over the rear edge of the fire pot through a "left down flue" and a "right down flue" to the lower horizontal passages at the base of the stove, thence forward to the extreme front of the stove above the partition plates provided, thence beneath these plates toward the rear of the stove, thence toward the center, and next into the smoke pipe.   The appellant claims that the construction we have here described is a very efficient stove, which has met with much success in the market.

The Patent Office tribunals cite eight patents which they hold show that such structures as the appellant's alleged invention are anticipated by the prior art.   In respect of claims 1 to 7 inclusive, they maintain that the patent to Magee shows every element and feature of these claims, except that in the Magee patent the horizontal flues are situated beneath the ash pit.   The applicant places the flues on either side of the ash pit.   The latter arrangement is like the adjustment of such flues in the patents of Varney, of Hynes, and of Williams.

The 7th claim differs from those preceding it only in respect of the horizontal partitions in the hollow sides, shorter than such sides, and connecting at the rear with the vertical flue strips, thereby forming two horizontal flues in sides of the base, the lower ones communicating with the central vertical flue and the upper ones with the diving flues.

The 8th claim states a specific form and arrangement of plates for the ash pit and horizontal flues.   It includes as a limitation the sectional feature of the hollow base.   We are convinced that the Magee patent and the appellant's claims show the same arrangement of diving and discharge flues at the rear of the stove, though the return flues connecting the last two mentioned in Magee's patent are located in the bottom of the stove, while the applicant locates them on the side.   The stoves of Hynes and Williams have horizontal flues on the side, and

Varney's hot air heater shows a similar arrangement. We do not find invention in these claims.

Claim 9, by including the limitations that the discharge flue has an opening into the combustion chamber and a damper for closing it, states only things necessary to heaters of this type, and we think the tribunals of the Patent Office justly conclude that these features are shown by the patents of record.

Claims 10, 11, and 12, fall within the objections to claims from 1 to 6 inclusive, the last two, 11 and 12, providing that the outer wall of the fire pot shall be exposed. The applicant insists that it is the object of Magee's invention to heat the upper portion of his stove while appellant's object is to heat the base and thereby heat the colder air near the floor, while in the Varney patent the device will not perform the functions of applicant's device, nor can the structure shown in Varney's patent be combined with the structure shown in the Magee patent; and he argues that there will not be under the Varney patent a complete utilization of the horizontal flues as radiating surfaces that there is in the applicant's device, while in the latter the upper horizontal flues communicate with the diving flues at their rear end only, and the lower horizontal flues communicate at their rear end only with the discharge flue; and applicant's counsel argues other differences of his device from Hynes's and Richardson's patents.

We agree with the Commissioner that he has shown by the record patents that the applicant's claims were anticipated, and that by recombining selected elements the appellant has not produced a combination which amounts to invention, and the details of construction specified in some of the claims are within the scope of the skill of mechanics familiar with this art. The Commissioner thus summarizes the matter: "The alleged invention to which the claims are drawn consists of an arrangement of flues in a stove. Some of the claims also include details in the form and arrangement of plates. The flues defined in the claims are believed to be without invention in view of the general arrangement of flues in a stove shown by patent No. 353,033, Magee, and in view of the specific form and location of horizontal flues shown by patents No. 188,211, Varney, No.

305,691, Hynes, No. 95,399, Williams, and No. 272,326, Richardson. The plate construction included in the claims is believed to involve nothing more than mechanical skill in the design of stoves."

Unanimity in the Patent Office tribunals imposes upon the appellant here the burden of showing very clearly that the Commissioner erred in the final decision appealed from. See *Re Adams,* 24 App. D. C. 277; *Seeberger* v. *Dodge,* 24 App. D. C. 481.

Upon the whole case, we find no sufficient reason to differ with the tribunals of the Patent Office, and the decision of the Commissioner of Patents must be affirmed. The clerk of this court will certify this opinion and the proceedings of the court in this cause to the Commissioner of Patents according to law.

*Affirmed.*